UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN JONES, #723115,

      Petitioner,

                                  CASE NO. 2:11-CV-12826
v.                                 HONORABLE LAWRENCE P. ZATKOFF

DEBRA SCUTT,

      Respondent.
_____/

## OPINION & ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

This is a habeas case brought under 28 U.S.C. § 2254. Michigan prisoner Marvin Jones ("Petitioner") was convicted of assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, following a jury trial in the Kent County Circuit Court. He was sentenced to 85 to 360 months imprisonment in 2009. In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence and the validity of his sentence. Respondent has filed an answer to the petition contending that it should be denied. For the reasons set forth, the Court denies the petition for a writ of habeas

corpus. The Court also denies a certificate of appealability and denies leave to proceed in *forma pauperis* on appeal.

## II.   Facts and Procedural History

Petitioner's conviction arises from the shooting and attempted robbery of store clerk, David Pirkola, at the Apparitions Comics and Book Store in Kentwood, Michigan, on the evening of April 25, 2008. The Michigan Court of Appeals provided a factual overview of the case, which is presumed correct on habeas review. *Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd*, 41 F. App'x 730 (6th Cir. 2002). Those facts are as follows:

> David Pirkola was working at his comic book store when Jevon Sawyer shot him after Pirkola refused to give Sawyer money from the cash register. Defendant and James Thompson, both cousins of Sawyer, were with Sawyer immediately before the shooting, and all three arrived at the same location shortly after the shooting.

*People v. Jones*, No. 291882, 2010 WL 3718914, *1 (Mich. Ct. App. Sept. 23, 2010) (unpublished).

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, essentially raising the same claims presented on habeas review. The court affirmed his conviction and his sentence, but remanded for the ministerial task of amending the judgment of sentence to reflect a 360-month maximum sentence as ordered by the trial court at the sentencing hearing. *Id.*

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Jones*, 488 Mich. 1050, 794 N.W.2d 334 (2011).

Petitioner thereafter filed his federal habeas petition raising the following claims as grounds for relief:

   I.   The trial court unlawfully deprived him of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it entered a judgment of conviction and sentence that is insufficient to support the conviction.

   II.  The trial court unlawfully deprived him of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it scored 10 points on OV-4.

   III. The trial court unlawfully deprived him of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it failed to take into account all mitigating evidence in sentencing him.

   IV.  The trial court unlawfully violated the United States and Michigan Constitutions in sentencing him to a prison term of 85-365 months on the AWIRA conviction.

   V.   The trial court unlawfully deprived him of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it failed to enter a judgment of conviction and sentence consistent with its oral pronouncement at the sentencing hearing that the maximum sentence on the AWIRWA conviction was to be 360 months not 365 months.

Respondent has filed an answer to the petition contending that it should be denied because the claims lack merit and/or are barred by procedural default.

## III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

5

(citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been

'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV. Analysis**

    **A.    <u>Insufficient Evidence Claim</u>**

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his conviction for assault

with intent to rob while armed as an aider and abettor. In particular, he claims that the prosecution failed to establish that he possessed the requisite intent to support the conviction. Respondent contends that this claim lacks merit and does not warrant habeas relief.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The *Jackson* standard must also be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. "A reviewing court does not re-weigh the

evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Id.* at 788-89 (citation omitted).

Michigan law defines the crime of assault with intent to rob while armed as follows:

> Assault with intent to rob and steal being armed—Any person, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years.

MICH. COMP. LAWS § 750.89. The elements of the offense are: (1) an assault, (2) an attempt to rob, (3) while armed. *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863 (2003). To convict a defendant under an aiding and abetting theory, the prosecution must establish that the crime was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that aided or assisted in the commission of the crime, and that the defendant either intended to commit the crime or knew that the principal intended to commit the crime at the time he or she gave the aid or encouragement. *People v. Carines*, 460 Mich. 750, 757-58, 597 N.W.2d 130 (1999); *see also People v. Moore*, 470 Mich. 56, 679 N.W.2d 41,

9

49 (2004); MICH. COMP. LAWS § 767.39. An aider and abettor's state of mind may be inferred from all the facts and circumstances, including a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime. *Carines*, 460 Mich. at 757-58.

Applying the *Jackson* standard, the Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to support Petitioner's conviction for assault with intent to rob while armed as an aider and abettor. The court explained in relevant part:

> Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that defendant intended to commit the crime of assault with intent to rob while armed, or that he knew that Sawyer intended to commit this crime at the time he provided assistance. Although defendant insisted to the police that Sawyer was Thompson's friend and that defendant had no independent relationship with him, the evidence established that all three men were in fact cousins. It is beyond question that defendant and Thompson were with Sawyer in the immediate vicinity of Pirkola's store in the hour before the shooting.[FN1] Employees of a Frames Unlimited store adjacent to Pirkola's store testified that two men matching the description of defendant and Sawyer came into their store shortly before the time of the shooting. The jury could rationally have inferred from the testimony of these witnesses regarding the odd demeanor of the two men, their unusual request to use the restroom together, the strange position of the taller man's hands as they left, and the watchful behavior of a third man waiting outside in the men's vehicle that, as theorized by the prosecution, the two were "casing" the store as a possible armed robbery site and that defendant was aware that Sawyer was carrying a weapon.

> <sup>FN1.</sup>Defendant and Thompson were recorded on videotape in an adjacent Alltel store minutes before the shooting. While at the Alltel store, defendant completed a credit application, using his correct name and address.
>
> The testimony of the witnesses, together with defendant's statement to the police, constituted sufficient circumstantial evidence to establish that he knew of and participated in the plan to rob Pirkola at gunpoint, that he agreed to aid in the crime by driving the getaway car, and that he did, in fact, drive the getaway car following the shooting. *See People v. Norris*, 236 Mich. App. 411, 421-22, 600 N.W.2d 658 (1999); *People v. Smielewski*, 235 Mich. App. 196, 207, 596 N.W.2d 636 (1999). Defendant admitted to the police that he was with both Thompson and Sawyer before the shooting. Defendant further admitted that he and the others had intended to commit a crime together; he stated that the three had formulated a plan to steal items from Pirkola's store and that defendant's role in the crime was to drive the getaway car. Defendant stated that he drove Thompson away from the scene of the crime, and approximately 40 minutes after the shooting, defendant, Thompson, and Sawyer arrived at defendant's sister's house. Although defendant's version of events did not include a specific admission that he knew Sawyer had a gun and planned to rob Pirkola at gunpoint or that Sawyer was present in the getaway car, it was up to the jury to determine what inferences to draw from defendant's statement and the other evidence and to decide the weight to be given to those inferences. *People v. Hardman*, 466 Mich. 417, 428, 646 N.W.2d 158 (2002) Because sufficient evidence was presented to establish defendant's guilt on an aiding and abetting theory, the prosecutor was not required to disprove any other theory, such as defendant's claim that he assisted only in a plan to steal comic books. *People v. Nowack*, 462 Mich. 392, 200, 614 N.W.2d 78 (2000).

*Jones*, 2010 WL 3718914 at *2.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' determination is neither contrary to Supreme Court precedent nor an

unreasonable application of federal law or the facts. The prosecution presented sufficient evidence to establish Petitioner's guilt as an aider and abettor of the charged offense. The trial testimony showed that Petitioner was Sawyer's and Thompson's cousin and that the three men were together before and after the crime. Petitioner admitted that he and the others had planned to steal comic books from Pirkola's store and that he would serve as the driver of the getaway car. Sawyer shot Pirkola after Pirkola refused to give him money from the cash register. Petitioner admitted that he drove Thompson from the scene to his sister's house where they met up with Sawyer. Petitioner was in the nearby Alltel store with Thompson minutes before the shooting – he was recorded on videotape in that store and completed a credit application using his correct name and address. Employees from a Frames Unlimited store adjacent to Pirkola's store observed two men fitting Petitioner's and Sawyer's descriptions. The Frames Unlimited employees said that the two men had an odd demeanor and made an unusual request to use the restroom together. The employees also saw Sawyer leave the store with his hands in a strange position. Considered in a light most favorable to the prosecution, the evidence was sufficient to show that Petitioner and the others intended to rob Pirkola's store, that Petitioner knew that Sawyer was armed, and that Petitioner intended to commit the crime of assault with intent to rob while armed and/or knew that Sawyer intended to do so

when he assisted him.

Petitioner challenges the jury's view of the facts and the inferences the jury drew from the testimony at trial. But it is the job of the factfinder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 94, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict and the Michigan Court of Appeals' decision affirming that verdict were reasonable. Habeas relief is not warranted.

### B. <u>Sentencing Claims</u>

Petitioner next asserts that he is entitled to habeas relief because his sentence is invalid under state and federal law. He claims that the trial court erred in scoring an offense variable, that his sentence was imposed in violation of his Sixth Amendment rights, that the trial court failed to consider mitigating evidence, individualize his sentence, and depart downward, that his sentence is based upon inaccurate information, that his sentence is disproportionate, that his sentence constitutes cruel and unusual punishment, and that the judgment of sentence has the

wrong maximum sentence. Respondent contends that these claims are barred by procedural default and/or lack merit.

Petitioner first raised the sentencing issues on direct appeal before the Michigan Court of Appeals. The court ruled that the claims were unpreserved, but reviewed them for plain error. Upon such review, the court determined that the claims lacked merit (other than clerical correction to the maximum sentence on the judgment of sentence) and denied relief. *Jones*, 2010 WL 3718914 at *3-5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. As an initial matter, the Court notes that Petitioner's sentence of 85 months to 360 months imprisonment (7 years 1 month to 30 years) is within the statutory maximum of life imprisonment for assault with intent to rob while armed. MICH. COMP. LAWS § 750.89. A sentence within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such showing.

Petitioner asserts that the trial court erred in scoring Offense Variable 4 under the state sentencing guidelines. This claim, however, is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has thus failed to state a claim upon which relief may be granted as to this issue.

Petitioner also asserts that the trial court violated the Sixth Amendment by relying upon facts neither admitted by him nor proven beyond a reasonable doubt in imposing his sentence in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and related cases. The United States Court of Appeals for the Sixth Circuit has held that Michigan's sentencing guidelines do not violate the Sixth Amendment because

15

they set a minimum sentence range while the maximum is set by statute. *Montes v. Trombley*, 599 F.3d 490, 494–98 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009); *see also People v. Harper*, 479 Mich. 599, 644-45, 739 N.W.3d 523 (2007); *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (Mich. 2006). This Court is bound by those decisions. Because Petitioner's sentence is within the statutory maximum penalty, which was not enhanced by judicial fact-finding, no Sixth Amendment or due process violation occurred.

Petitioner also asserts that the trial court failed to properly consider mitigating evidence at sentencing and relied upon inaccurate information in imposing his sentence. Contrary to Petitioner's assertion, there is no constitutional requirement that a court consider mitigating evidence at sentencing in non-capital cases. *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information.

*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not done so. The record reflects that the trial court considered the circumstances of the crime, Petitioner's history and the pre-sentence reports, letters submitted on Petitioner's behalf, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, to present mitigating evidence, and to make a statement at sentencing. He has failed to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.

To the extent that Petitioner asserts that his sentence is disproportionate or otherwise invalid under state law, he fails to state a claim for federal habeas relief. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). There is no federal constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Similarly, any challenge to the trial court's decision not to depart downward from the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *Howard*, 76 F. App'x at 53; *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). As discussed, state courts are the final arbiters of state law and the federal courts will not

intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief does not lie for perceived state law errors. *Estelle*, 502 U.S. at 67-68.

Petitioner is also not entitled to relief on his claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Petitioner's sentence is within the statutory maximum. The trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Simply stated, Petitioner not shown that his sentence is unconstitutional.

Lastly, Petitioner is not entitled to relief on his claim challenging the original judgment of sentence, which reflected a maximum sentence of 365 months imprisonment instead of 360 months imprisonment. The Michigan Court of Appeals determined that this was a clerical error and remanded the case for the judgment of sentence to be corrected. The trial court made the necessary correction as instructed. This Court can provide no further remedy – the claim is moot. The Court thus

concludes that Petitioner's sentencing claims lack merit and do not warrant habeas relief.[1]

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). This standard is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. *Id.* at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has

---

[1] Given this determination, the Court need not address the issue of procedural default.

not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in *forma pauperis* on appeal as an appeal cannot be taken in good faith. See FED. R. APP. P. 24 (a).

    **IT IS SO ORDERED.**

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: July 22, 2013